UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA         :
                                 :   CONSENT PRELIMINARY ORDER
         - v. -                  :   OF FORFEITURE AS TO
                                 :   SPECIFIC PROPERTY/
WILLIAM FENNELL,                 :   MONEY JUDGMENT
  a/k/a "Mills,"                 :
  a/k/a "Ramil,"                 :   S4 17 Cr. 364 (CS)
                                 :
                                 :
              Defendant.         :
- - - - - - - - - - - - - - - - x

WHEREAS, on or about September 12, 2018, WILLIAM FENNELL, (the "defendant"), amongst others, was charged in five counts of a thirteen-count Superseding Indictment, S4 17 Cr. 364 (CS), with racketeering conspiracy, in violation of Title 21, United States Code, Section 1962(d) (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Three); use and possession of a firearm in furtherance of the racketeering conspiracy charged in Count One and narcotics conspiracy charged in Count Three, in violation Title 18, United States Code, Sections 924(c)(1)(A)(iii)and 2 (Count Seven); murder through use of a firearm, in violation of Title 18, United States Code, Section 924(j) (Count Eleven); and murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Thirteen);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, and

Title 21, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained directly and indirectly from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One of the Indictment property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense alleged in Count One of the Indictment;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 853, any property constituting or derived from, any proceeds the defendant obtained directly or indirectly, as a result

of the offense and any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Counts Three and Four of the Indictment;

WHEREAS, on or about May 24, 2019, the defendant pled guilty to Counts One, Three, and Seven of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853: (i) a sum of money equal to $24,679 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment(the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following:

a. $3,089 in United States currency, seized by the Government from the defendant's residence, on or about June 14, 2017;

b. $21,590 in United States currency, seized by the Government, from the defendant's father's residence, on or about June 14, 2017;

(the "Specific Property"), which constitutes proceeds of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $24,679 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the Specific Property constituting the proceeds of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Allison Nichols, Maurene Comey, and Jacqueline C. Kelly, of counsel, and the defendant and his counsel, Scott Tulman, Esq., that:

1. As a result of the offenses charged in Counts One and Three of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $24,679 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offenses charged in Counts One and Three of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, WILLIAM FENNELL, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United

States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,

Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  12/6/19
ALLISON NICHOLS / MAURENE COMEY /    DATE
JACQUELINE C. KELLY
Assistant United States Attorney
300 Quarropas Street
White Plains, New York 10601
(212) 637-2366

WILLIAM FENNELL

By: _____  12/6/2019
WILLIAM FENNELL                      DATE
Defendant

By: _____  12/6/2019
SCOTT TULMAN, ESQ.                   DATE
Attorney for Defendant

SO ORDERED:

_____  12/6/19
HONORABLE CATHY SEIBEL          DATE
UNITED STATES DISTRICT JUDGE